993 A.2d 1213

IN THE MATTER OF CHARLES STEPHEN
BARTOLETT, AN ATTORNEY AT LAW.

March 30, 2010.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 09–228, concluding that **CHARLES STEPHEN BARTOLETT** of **EGG HARBOR,** who was admitted to the bar of this State in 1983, and who has been suspended from the practice of law since August 1, 2003, by Orders of the Court filed July 2, 2003, and September 8, 2003, should be suspended from the practice of law for a further period of three months for violating *RPC* 1.15(a) (failure to safeguard funds), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *In re Advisory Committee on Professional Ethics Opinion 635*, 125 *N.J.* 181, 592 *A.*2d 1210 (1991) (depositing settlement check without obtaining payee's endorsements), and good cause appearing;

It is ORDERED that **CHARLES STEPHEN BARTOLETT** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall satisfy any outstanding balance on the judgment of the Gloucester County Board of Social Services in the *Eldridge* matter and submit proof thereof to the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.